IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE CAMPBELL,<br><br>       Plaintiff,<br><br> v.<br><br>PARTICLE MEDIA, INC.,<br>Serve: Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>and<br><br>GRAY TELEVISION, INC.,<br>Serve: CT Corporation System<br>4370 Peachtree Road, NE, Suite 400<br>Atlanta, GA 30319<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:23-cv-805<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Stephanie Campbell states and alleges as follows:

### **JURISDICTION AND VENUE**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.*

2. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over defendants because of their substantial and continuous business contacts with Missouri through their marketing and advertising to Missouri residents.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) because all defendants conduct business within the judicial district and acts giving rise to this Complaint are believed to have occurred within this judicial district.

**PARTIES**

5. Ms. Campbell is a professional photographer based in Lake Winnebago, Missouri. She resides and is domiciled in Lake Winnebago, Missouri as well.

6. Upon information and belief, defendant Particle Media, Inc. is a Delaware company and owns News Break. News Break appears to aggregate news from around the country and has a specific website distributing news and selling advertising in Kansas City, including: https://www.newsbreak.com/kansas-city-mo. It claims to reach 50 million users each month. Particle Media, Inc. and its affiliates are referred to in this Complaint as "News Break".

7. Gray Television, Inc. is a publicly traded company in Georgia and headquartered in Atlanta, Georgia. It owns television stations and leading digital properties in 113 television markets, including in Kansas City, Missouri. It owns KCTV, a local Kansas City television station (channel 5) which also operates a website displaying news articles and advertising. Gray Television, Inc. and its affiliates are referred to in this Complaint as "Gray TV".

**FACTUAL ALLEGATIONS**

<u>STEPHANIE CAMPBELL</u>

8. Ms. Campbell is a professional photographer.

9. Ms. Campbell played football in Kansas City for various teams, including teams in the Women's Football Association (WFA), a professional tackle football league.

10. During her time in the WFA, Ms. Campbell became familiar with Katie Sowers, an individual who recently gained national notoriety for becoming the NFL's first openly gay and second full-time woman coach.

11. This unique combination of being a professional photographer who is also a colleague of Katie Sowers gave Ms. Campbell unparalleled access to photograph Ms. Sowers at the moment she learned about her groundbreaking hire.

12. Consequently, Ms. Campbell was able to capture high quality, close-up photographs of Ms. Sowers' reaction to the news and subsequent action shots of Ms. Sowers coaching.

13. Among the numerous photographs taken by Ms. Campbell is the following photograph ("Sowers Photograph"):



14. Ms. Campbell owns the exclusive rights to the Sowers Photograph. It is registered with the U. S. Copyright Office as Reg. No. VA 2-073-437.

**GRAY TV**

15. Defendant Gray TV owns television stations KCTV and WFSB.

16. Both KCTV and WFSB made the Sowers Photograph available on its websites without authorization from Ms. Campbell.

17. The article on the KCTV website featured the Sowers Photograph accompanied by a short article and advertising:



18. A similar or identical article also appeared on the website of at least one other television station owned by Gray TV, WFSB:



19. WFSB also displayed a video on its website of a Super Bowl ad although the initial image of the video has been changed to display the Sowers Photograph rather than the actual beginning of the video:



20. WFSB also displayed the Sowers Photograph in at least one other instance:



**NEWS BREAK**

21. Defendant News Break made the Sowers Photograph available on its website without authorization from Ms. Campbell.

22. Specifically, the photograph of Katie Sowers appeared at:

https://www.newsbreak.com/news/1501227710776/watch-microsofts-super-bowl-ad-puts-spotlight-on-katie-sowers-the-1st-woman-to-coach-in-the-big-game although the link is no longer active.

23. The article featured the Sowers Photograph accompanied by a short article and Sponsored Stories/advertising:



24. The reference to "KCTV5" immediately after the headline suggests that News Break displayed a news story and the Sowers Photograph that originally appeared on the KCTV (channel 5) website.

## COUNT I

25. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

26. Ms. Campbell discovered that KCTV and WFSB, which are owned by Gray TV, had used the Sowers Photograph without permission by copying, distributing, reproducing, or displaying publicly the photograph.

27. Ms. Campbell is the exclusive owner of a valid and registered copyright in the Sowers Photograph.

28. KCTV and WFSB, which are both owned by Gray TV, copied, reproduced, distributed, displayed, and otherwise used the Sowers Photograph even though they did not have permission to use the Sowers Photograph.

29. The use by KCTV and WFSB, owned by Gray TV, infringed Ms. Campbell's exclusive rights in the Sowers Photograph.

30. Ms. Campbell has incurred actual damages.

## COUNT II

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Ms. Campbell discovered that News Break had used the Sowers Photograph without permission by copying, distributing, reproducing, or displaying publicly the photograph.

33. Ms. Campbell is the exclusive owner of a valid and registered copyright in the Sowers Photograph.

34. News Break has copied, reproduced, distributed, displayed, and otherwise used the Sowers Photograph even though it did not have permission to use the Sowers Photograph.

35. The use by News Break infringed Ms. Campbell's exclusive rights in the Sowers Photograph.

36. Ms. Campbell has incurred actual damages.

WHEREFORE, Ms. Campbell prays for a judgment and decree of this Court as follows from each of the defendants:

1. For injunctive relief prohibiting the defendants from further copying, marketing, or distribution of the copyrighted Sowers Photograph or any other infringing conduct; for injunctive relief requiring the defendants to remove any infringing works;

2. For statutory damages, actual damages, or both;

3. For reasonable costs and attorney fees;

4. For prejudgment interest

5. For such other and further relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial.

By: */s/ David L. Rein Jr.*
David L. Rein Jr., #43411
James Kernell, #48850
Kyle D. Donnelly, #65882
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: drein@avekip.com
jkernell@avekip.com
kdonnelly@avekip.com

*Attorneys for Plaintiff Stephanie Campbell*